BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
JUDITH R. HARPER, OSB #903260
Judi.Harper@usdoj.gov
Assistant United States Attorney
310 West Sixth Street
Medford, Oregon  97501
Telephone:  (541) 776-3564
Attorneys for the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **6:20-cv-01863-BR** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT,** *in rem,* **FOR FORFEITURE** |
| **$36,858.50 U.S. CURRENCY and ASSORTED PRECIOUS METALS IN GOLD AND SILVER BARS,** *in rem,* | |
| **Defendants.** | |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the

District of Oregon, and Judith Harper, Assistant United States Attorney, for its complaint *in rem*

for forfeiture, alleges:

I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to

21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

\\\

**Complaint *in rem* for Forfeiture**                                    **Page 1**

II.

Defendants, *in rem*, $**36,858.50** U.S. Currency, and Assorted Precious Metals in Gold and Silver Bars were seized in the District of Oregon, and are now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendants, *in rem*, $**36,858.50** U.S. Currency, and Assorted Precious Metals in Gold and Silver Bars represent proceeds traceable to an exchange for controlled substances or were used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 841(a)(1), and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6), as more particularly set forth in the declaration of Juan Sierra, Special Agent, Drug Enforcement Administration, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, plaintiff, United States of America, prays that due process issue to enforce the forfeiture of defendants, *in rem*, $**36,858.50** U.S. Currency, and Assorted Precious Metals in Gold and Silver Bars; that due notice be given to all interested persons to appear and show cause why forfeiture of these defendants, *in rem*, should not be decreed; that due proceedings be had thereon; that these defendants be forfeited to the United States; that the plaintiff United States of America be awarded its costs and disbursements incurred in this action.

DATED: **October 29, 2020.**

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Judith R. Harper*
**JUDITH R. HARPER**
Assistant United States Attorney

**Complaint *in rem* for Forfeiture**                                **Page 2**

**VERIFICATION**


I, Juan Sierra, declare under penalty of perjury, pursuant to the provisions of 28 U.S.C.

Section 1746, that I am a Special Agent with the Drug Enforcement Administration and that the

foregoing Complaint *in rem* for Forfeiture is made on the basis of information officially

furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is true as I

verily believe.


<u>*s/Juan Sierra*</u>
JUAN SIERRA
Special Agent
Drug Enforcement Administration

## **DECLARATION of JUAN SIERRA**

I, Juan Sierra, do hereby declare:

### **BACKGROUND/EXPERIENCE**

1.      I am a Special Agent (SA) with the Drug Enforcement Administration (hereinafter "DEA"), United States Department of Justice. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I also am responsible for investigating drug related crimes within the United States. Under 21 U.S.C. § 878. I am empowered to make arrests, obtain and execute search warrants, and to make seizures of property pursuant to Subchapter I of Chapter 13 of Title 21 United States Code.

2.      My current assignment is the Eugene Resident Office.  I have been employed with the DEA since April 2018.  My training and experience includes an 18-week training academy in Quantico, Virginia.  While there, I received training on numerous topics to include, but not limited to, the detection and identification of controlled substances, methods and investigation techniques of drug trafficking organizations, surveillance methods and techniques, and classroom instruction on federal drug laws pertaining to Title 21 crimes.  Since being employed with the DEA, I have assisted in multiple cases as a case agent, co-case agent and surveillance agent.  Prior to joining the DEA, I was a police officer with the Lubbock Police Department, in Lubbock, Texas, since October 2013.  As an officer, I conducted preliminary criminal investigations, responded to emergency calls, and the interdiction of narcotics.

\\\

## PURPOSE OF THE DECLARATION

3.      This declaration is submitted in support of a civil complaint *in rem* for forfeiture of $36,858.50 United States Currency and Assorted Precious Metals (Gold and Silver) valued at $30,259.20 dollars, seized from Vidas Jacob STRAVINSKAS on May 17, 2019, during the execution of a State of Oregon search warrant at 1145 W 11th Street, in Eugene, Oregon.  I believe there is probable cause that the $36,858.50 United States Currency and Assorted Precious Metals (gold and silver bars) valued at $30,259.20 dollars, are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to the exchange of controlled substances in violation of 21 U.S.C. § 841(a)(1). This declaration does not include all of the facts known to me regarding this investigation, only those sufficient to establish probable cause to seize the above referenced Currency and Assorted Precious Metals.

## SUMMARY OF THE INVESTIGATION

4.      On May 16, 2019, Eugene Police Department Street Crimes Unit (EPD SCU) was granted a State of Oregon search warrant for 1145 W 11th Avenue #1, in Eugene, Oregon, to search for evidence of sales, manufacture, and possession of controlled substances.  The warrant was based on information obtained by a confidential source (CI) who provided information about a resident of that address named Vidas Jacob STRAVINSKAS (STRAVINSKAS). The CI informed EPD SCU detectives that STRAVINSKAS was dealing heroin, methamphetamine, self-pressed Xanax pills, and marijuana from the residence. Based on the information relating to a possible pill press being located inside the residence, EPD SCU contacted the DEA for assistance with

Declaration of Juan Sierra                                                              Exhibit A
                                                                                                      Page 2

executing a search warrant at STRAVINSKAS' residence, due to the possibility of hazardous materials being located inside.)

5.      On May 17, 2020, EPD SCU, along with DEA, served the search warrant at STRAVINSKAS' residence. Inside the residence, law enforcement located two pill presses, binding/precursor chemical agents, 433 grams of a variety of Schedule IV controlled substances, 93 grams of PCP, 60 grams of heroin, 278 grams of methamphetamine, drug paraphernalia, drug packaging material, assorted precious metals (gold and silver bars) valued at $30,259.20 dollars, and $36,858.50 United States Currency. STRAVINSKAS refused to speak with law enforcement at that time and requested to speak with an attorney.

6.      On September 30, 2019, STRAVINSKAS and his attorney Brian Michaels, met with DEA SA Juan Sierra, EPD SCU Detective Jeremy Greene, and Assistant United Stated Attorney Joseph Huynh, for a proffer interview. During the interview, STRAVINSKAS admitted to cultivating marijuana at his residence and a warehouse in Eugene, Oregon, where he would sell online via the dark net marketplaces. STRAVINSKAS estimated that from his illicit sales of marijuana he would gross approximately $60,000 dollars every two months. STRAVINSKAS also admitted to purchasing drugs from the dark net for his own personal use. STRAVINSKAS admitted to selling small amounts of methamphetamine to friends, but mainly purchased drugs for himself. STRAVINSKAS stated he would purchase larger quantities of drugs due to the price being cheaper. STRAVINSKAS stated he used Bitcoin to sell and purchase items over the dark net.

7.     On February 14, 2020, STRAVINSKAS and his attorney met with DEA SA Juan Sierra, EPD SCU Detective Jeremy Greene, and Assistant United Stated Attorney Joseph Huynh, for a second proffer interview. During the interview, STRAVINSKAS stated that he would cash out his virtual currency, mainly Bitcoin, using the Bitcoin ATM in the Gateway Mall located in Springfield, Oregon, or he would purchase gold and silver (e.g. bullion) with the bitcoin and sell the gold and silver at local jewelry stores if he needed the cash. STRAVINSKAS then explained and showed investigators how he would access the dark net and how his encryption software worked.

8.     On April 3, 2020, STRAVINSKAS submitted administrative claims for the money and assorted precious metals seized from him.  On the forms, STRAVINSKAS claimed to have a personal property interest in the money, but provided no documentation or other information.

9.     As a result of STRAVINSKAS cooperating with law enforcement, his case was remanded back to the State of Oregon, in lieu of federal prosecution. STRAVINSKAS was set to accept a plea deal through the Lane Count Circuit Court, and appear in court on September 15, 2020 for sentencing.  However, prior to that day, the District Attorney's office was notified by STRAVINSKAS' attorney that STRAVINSKAS would not be appearing in court.  STRAVINSKAS was scheduled to plead guilty to Unlawful Distribution of a Controlled Substance Heroin, Unlawful Distribution of a Controlled Substance Methamphetamine, Unlawful Distribution of a Schedule II Controlled Substance, and Unlawful Manufacturing of a Schedule II Controlled Substance.

10.      As a result, the District Attorney's office began pursuing Grand Jury Indictments for the above listed charges, and additional charges, in preparation for court proceedings against STRAVINSKAS. However, on September 15, 2020, after law enforcement received notification about STRAVINSKAS' death, which occurred on September 12, 2020, prosecution efforts ended.

11.      On September 12, 2020, STRAVINSKAS was found deceased inside his trailer by a third party who contacted law enforcement. Law enforcement arrived on scene and located several items of drug paraphernalia, including burned foil with residue, glass pipes and a small bag containing unknown pills inside of the trailer where he was living. Detectives described the interior of the trailer as very dirty and messy, and STRAVINSKAS lying face down in the on the floor. STRAVINSKAS had also appeared to have been deceased for some time and his body was beginning to decompose. Due to the Medical Examiner's Office still actively conducting the cause of death investigation, STRAVINSKAS' cause of death is still unknown at this time. However, he is suspected of dying from a drug overdose.

## **CONCLUSION**

12.      Based on the foregoing and my training and investigative experience, I have probable cause to believe that the $36,858.50 United States Currency and Assorted Precious Metals (gold and silver bars) valued at $30,259.20 dollars, seized from Vidas Jacob STRAVINSKAS, are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to the exchange of controlled substances in violation of 21 U.S.C. § 841(a)(1).

Declaration of Juan Sierra                                                     Exhibit A
                                                                                              Page 5

I declare under penalty of perjury that the foregoing is true and correct pursuant to

28 U.S.C. §1746.

Executed this 29th day of October 2020.


*s/ Juan Sierra*
Juan Sierra
Special Agent, DEA

Declaration of Juan Sierra                                                        Exhibit A
                                                                                                    Page 6

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

United States of America

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Judith R. Harper - United States Attorney's Office
310 West 6th Street, Medford, OR 97501

**DEFENDANTS**

$36,858.50 U.S. CURRENCY and ASSORTED PRECIOUS METALS IN GOLD AND SILVER BARS, in rem

County of Residence of First Listed Defendant  Lane
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II.  BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V.  ORIGIN**    (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21:881(a)(6) / 21:841(a)(1)

Brief description of cause:
forfeiture of proceeds used or intended to be used to facilitate narcotics trafficking

**VII.  REQUESTED IN COMPLAINT:**

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII.  RELATED CASE(S) IF ANY**   (See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
10/29/2020

SIGNATURE OF ATTORNEY OF RECORD
s/ Judith R. Harper

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____