## **DECLARATION of JUAN SIERRA**

I, Juan Sierra, do hereby declare:

## **BACKGROUND/EXPERIENCE**

1. I am a Special Agent (SA) with the Drug Enforcement Administration (hereinafter "DEA"), United States Department of Justice. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I also am responsible for investigating drug related crimes within the United States. Under 21 U.S.C. § 878. I am empowered to make arrests, obtain and execute search warrants, and to make seizures of property pursuant to Subchapter I of Chapter 13 of Title 21 United States Code.

2. My current assignment is the Eugene Resident Office. I have been employed with the DEA since April 2018. My training and experience includes an 18-week training academy in Quantico, Virginia. While there, I received training on numerous topics to include, but not limited to, the detection and identification of controlled substances, methods and investigation techniques of drug trafficking organizations, surveillance methods and techniques, and classroom instruction on federal drug laws pertaining to Title 21 crimes. Since being employed with the DEA, I have assisted in multiple cases as a case agent, co-case agent and surveillance agent. Prior to joining the DEA, I was a police officer with the Lubbock Police Department, in Lubbock, Texas, since October 2013. As an officer, I conducted preliminary criminal investigations, responded to emergency calls, and the interdiction of narcotics.

\\\

## PURPOSE OF THE DECLARATION

3.      This declaration is submitted in support of a civil complaint *in rem* for forfeiture of $36,858.50 United States Currency and Assorted Precious Metals (Gold and Silver) valued at $30,259.20 dollars, seized from Vidas Jacob STRAVINSKAS on May 17, 2019, during the execution of a State of Oregon search warrant at 1145 W 11th Street, in Eugene, Oregon.  I believe there is probable cause that the $36,858.50 United States Currency and Assorted Precious Metals (gold and silver bars) valued at $30,259.20 dollars, are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to the exchange of controlled substances in violation of 21 U.S.C. § 841(a)(1). This declaration does not include all of the facts known to me regarding this investigation, only those sufficient to establish probable cause to seize the above referenced Currency and Assorted Precious Metals.

## SUMMARY OF THE INVESTIGATION

4.      On May 16, 2019, Eugene Police Department Street Crimes Unit (EPD SCU) was granted a State of Oregon search warrant for 1145 W 11th Avenue #1, in Eugene, Oregon, to search for evidence of sales, manufacture, and possession of controlled substances.  The warrant was based on information obtained by a confidential source (CI) who provided information about a resident of that address named Vidas Jacob STRAVINSKAS (STRAVINSKAS). The CI informed EPD SCU detectives that STRAVINSKAS was dealing heroin, methamphetamine, self-pressed Xanax pills, and marijuana from the residence. Based on the information relating to a possible pill press being located inside the residence, EPD SCU contacted the DEA for assistance with

executing a search warrant at STRAVINSKAS' residence, due to the possibility of hazardous materials being located inside.)

5.     On May 17, 2020, EPD SCU, along with DEA, served the search warrant at STRAVINSKAS' residence. Inside the residence, law enforcement located two pill presses, binding/precursor chemical agents, 433 grams of a variety of Schedule IV controlled substances, 93 grams of PCP, 60 grams of heroin, 278 grams of methamphetamine, drug paraphernalia, drug packaging material, assorted precious metals (gold and silver bars) valued at $30,259.20 dollars, and $36,858.50 United States Currency. STRAVINSKAS refused to speak with law enforcement at that time and requested to speak with an attorney.

6.     On September 30, 2019, STRAVINSKAS and his attorney Brian Michaels, met with DEA SA Juan Sierra, EPD SCU Detective Jeremy Greene, and Assistant United Stated Attorney Joseph Huynh, for a proffer interview. During the interview, STRAVINSKAS admitted to cultivating marijuana at his residence and a warehouse in Eugene, Oregon, where he would sell online via the dark net marketplaces. STRAVINSKAS estimated that from his illicit sales of marijuana he would gross approximately $60,000 dollars every two months. STRAVINSKAS also admitted to purchasing drugs from the dark net for his own personal use. STRAVINSKAS admitted to selling small amounts of methamphetamine to friends, but mainly purchased drugs for himself. STRAVINSKAS stated he would purchase larger quantities of drugs due to the price being cheaper. STRAVINSKAS stated he used Bitcoin to sell and purchase items over the dark net.

7.  On February 14, 2020, STRAVINSKAS and his attorney met with DEA SA Juan Sierra, EPD SCU Detective Jeremy Greene, and Assistant United Stated Attorney Joseph Huynh, for a second proffer interview. During the interview, STRAVINSKAS stated that he would cash out his virtual currency, mainly Bitcoin, using the Bitcoin ATM in the Gateway Mall located in Springfield, Oregon, or he would purchase gold and silver (e.g. bullion) with the bitcoin and sell the gold and silver at local jewelry stores if he needed the cash. STRAVINSKAS then explained and showed investigators how he would access the dark net and how his encryption software worked.

8.  On April 3, 2020, STRAVINSKAS submitted administrative claims for the money and assorted precious metals seized from him.  On the forms, STRAVINSKAS claimed to have a personal property interest in the money, but provided no documentation or other information.

9.  As a result of STRAVINSKAS cooperating with law enforcement, his case was remanded back to the State of Oregon, in lieu of federal prosecution. STRAVINSKAS was set to accept a plea deal through the Lane Count Circuit Court, and appear in court on September 15, 2020 for sentencing.  However, prior to that day, the District Attorney's office was notified by STRAVINSKAS' attorney that STRAVINSKAS would not be appearing in court.  STRAVINSKAS was scheduled to plead guilty to Unlawful Distribution of a Controlled Substance Heroin, Unlawful Distribution of a Controlled Substance Methamphetamine, Unlawful Distribution of a Schedule II Controlled Substance, and Unlawful Manufacturing of a Schedule II Controlled Substance.

10. As a result, the District Attorney's office began pursuing Grand Jury Indictments for the above listed charges, and additional charges, in preparation for court proceedings against STRAVINSKAS.  However, on September 15, 2020, after law enforcement received notification about STRAVINSKAS' death, which occurred on September 12, 2020, prosecution efforts ended.

11. On September 12, 2020, STRAVINSKAS was found deceased inside his trailer by a third party who contacted law enforcement.  Law enforcement arrived on scene and located several items of drug paraphernalia, including burned foil with residue, glass pipes and a small bag containing unknown pills inside of the trailer where he was living.  Detectives described the interior of the trailer as very dirty and messy, and STRAVINSKAS lying face down in the on the floor.  STRAVINSKAS had also appeared to have been deceased for some time and his body was beginning to decompose. Due to the Medical Examiner's Office still actively conducting the cause of death investigation, STRAVINSKAS' cause of death is still unknown at this time. However, he is suspected of dying from a drug overdose.

## CONCLUSION

12. Based on the foregoing and my training and investigative experience, I have probable cause to believe that the $36,858.50 United States Currency and Assorted Precious Metals (gold and silver bars) valued at $30,259.20 dollars, seized from Vidas Jacob STRAVINSKAS, are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to the exchange of controlled substances in violation of 21 U.S.C. § 841(a)(1).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Executed this 29th day of October 2020.

*s/ Juan Sierra*
Juan Sierra
Special Agent, DEA